UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

JEFFREY J. KETELSEN, )
 )
    Plaintiff, ) 4:07-cv-00015 JWS
 )
vs. ) ORDER AND OPINION
 )
 ) [Re: Motion at Docket 6]
PETE GEREN, ACTING SECRETARY )
OF THE ARMY, *et al.*, )
 )
    Defendants. )
 )

## I. MOTION PRESENTED

At docket 6, defendants Pete Geren, Acting Secretary of the Army, and Michael Mitchell move to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. At docket 6, plaintiff Jeffrey Ketelsen filed a limited opposition to the motion to dismiss. Defendants replied at docket 10. Oral argument was not requested and it would not assist the court.

## II. BACKGROUND

Jeffrey Ketelsen worked as a supervisory police office for the Fort Greely Police Department. In 2005, Ketelsen filed a claim of sex discrimination with the Equal Employment Opportunity Commission ("EEOC") after he was denied the opportunity to

apply for a position for which he was qualified and "the position was filled with a female employee without opening said position for competition."[1] The EEOC matter settled prior to a formal hearing.

On June 26, 2007, Mr. Ketelsen filed the underlying complaint alleging that after he filed his EEOC claim, his supervisor Michael Mitchell denied him professional development and training opportunities, adversely changed his work schedule, and fraudulently modified his performance evaluation. Mr. Ketelsen's complaint further alleges that "[d]efendant acted to discriminate against Plaintiff pursuant to Title VII of the Age Discrimination in Employment Act and Rehabilitation Act," and that defendant breached the implied covenant of good faith and fair dealing in his employment contract.[2] Defendants now move to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[3] The court is not required to accept every conclusion asserted in the complaint as true, rather the court "will examine whether conclusory allegations follow from the

---

[1] Doc. 1 at p. 2.

[2] Doc. 1 at pp. 2, 6, 7.

[3] *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

description of facts as alleged by the plaintiff."[4]  A claim should only be dismissed if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[5]  A dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[6]

## IV.  DISCUSSION

Defendants move to dismiss plaintiff's complaint on the grounds that: 1) plaintiff's complaint failed to allege any facts giving rise to an action under the Age Discrimination in Employment Act ("ADEA"); 2) plaintiff has not exhausted his administrative remedies under the Rehabilitation Act; 3) to the extent plaintiff's complaint can be read to implicate Title VII of the Civil Rights Act of 1964, plaintiff has failed to exhaust his administrative remedies and to show that he filed his civil action within 90 days from the date the EEOC dismissed his claim; and 4) plaintiff's breach of the implied covenant of good faith and fair dealing claim fails "because his sole recourse in an employment grievance with the federal government is the Civil Service Relief Act."[7]

In his Limited Opposition to Motion to Dismiss, plaintiff acknowledges that the citations in his complaint to the ADEA and Rehabilitation Act were erroneous, but contends that his complaint alleges sufficient facts to support a claim of "discrimination

---

[4] *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (quoting *Brian Clewer, Inc. v. Pan American World Airways, Inc.,* 674 F.Supp. 782, 785 (C.D.Cal. 1986)).

[5] *Vignolo,* 120 F.3d at 1077.

[6] B*alistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[7] Doc. 6 at p. 4.

-3-

based upon retaliation for a sex discrimination claim."[8]  Plaintiff further asserts that "a fair remedy would be to permit Plaintiff to amend his complaint to assert the proper statute(s) to set forth the cognizable legal theory."[9]  Plaintiff does not address defendants' argument concerning his breach of the implied covenant of good faith and fair dealing claim.

Defendants reply that any amendments to plaintiff's complaint would be futile because plaintiff has not established that he filed his action within 90 days from the date the EEOC dismissed his claim as is required under 42 U.S.C. § 2000e-5(f)(1).  Although plaintiff has not plead any facts from which the court can determine that his Title VII civil action was filed within 90 days from the date the EEOC dismissed his claim,[10] it is not clear from the record that plaintiff cannot plead such facts.[11]

The Ninth Circuit has ruled that dismissal under Rule 12(b)(6) should not be granted unless it is clear that the complaint could not be saved by any amendment.[12]  Moreover, Rule 15(a) provides that "[a] party may amend the party's pleading once as matter of course at any time before a responsive pleading it served."  Here, defendants have not filed a responsive pleading to date.  Accordingly, the court will deny defendants' motion to dismiss without prejudice and will give plaintiff 30 days from the date of this order to file and serve an amended complaint setting forth the proper

---

[8]Doc. 8 at p. 1.

[9]*Id.*

[10]*Scholar v. Pacific Bell*, 963 F.2d 264, 266-267 (1992).

[11]*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 541 (9th Cir. 1984).

[12]*Id.*

-4-

statutory grounds for relief and facts showing that plaintiff met the requirements of administrative exhaustion and timely filed his complaint.

## V.  CONCLUSION

For the reasons set out above, defendants' motion to dismiss at docket 6 is **DENIED without prejudice**.  It is further **ORDERED** that within 30 days from the date of this order, plaintiff shall file an amended complaint setting forth the proper statutory grounds for relief and facts showing that plaintiff met the requirements of administrative exhaustion and timely filed his complaint.

DATED this 4th day of March 2008.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE